United States District Court
Southern District of Texas
**ENTERED**
September 29, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Eber Dionicio Az Ixcoy, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-7229 |
| | § | |
| Martin Frink, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER OF DISMISSAL**

Before the Court is Eber Dionicio Az Ixcoy's Petition for a Writ of *Habeas Corpus* Pursuant to 28 U.S.C. § 2241. Doc. 1. Petitioner, a native and citizen of Guatemala, *id.* ¶ 5, illegally entered the United States in 2013, *id.* ¶¶ 7, 10–12, and he concedes that 8 U.S.C. § 1225(b)(2)(A) authorizes his detention. *Id.* at 2. On August 11, 2026, the Department of Homeland Security detained Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A), pending removal proceedings. *Id.* ¶¶ 10–12. Petitioner remains in the custody of Respondent Warden of the Houston Contract Detention Facility in Houston, Texas. *Id.* ¶ 2. Petitioner filed this Petition asserting that his current detention violates substantive and procedural due process. *Id.* ¶¶ 31–41.[1]

When entertaining a petition for a writ of *habeas corpus*, a district court has three options: "forthwith award the writ;" "issue an order directing the respondent to show cause

[1] Petitioner also preserves a statutory claim that his detention is not authorized by 8 U.S.C. § 1225(b)(2)(A). Doc. 1 ¶¶ 42–44.

why the writ should not be granted;" or dismiss the petition as facially deficient. 28 U.S.C. § 2243. Under the third option, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing § 2254 Cases in the United States District Courts.[2]

On February 6, 2026, the Fifth Circuit held that aliens who were never lawfully admitted to the country remain "applicants for admission" to the United States under 8 U.S.C. § 1225(b)(2)(A) and therefore must be detained pending their removal proceedings. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502–08 (5th Cir. 2026). This holding prevents illegal aliens from raising statutory challenges to pre-removal order detention and from claiming that DHS acted *ultra vires* when detaining them under that subsection.[3]

Moreover, since the Fifth Circuit decided *Buenrostro-Mendez*, this Court has resolved numerous novel challenges to detention under Section 1225. Relevant here, the Court has rejected the precise challenges raised by Petitioner in *Campos Bernal v. Frink*,

---

[2] A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

[3] On July 2, 2026, a Fifth Circuit panel issued another opinion addressing whether mandatory detention under § 1225(b)(2)(A) violates the Fifth Amendment's Due Process Clause. *See Sosnava Rodriguez v. Ortega*, 180 F.4th 702 (5th Cir. July 2, 2026), *reh'g en banc granted and opinion vacated*, 181 F.4th 608 (5th Cir. 2026). Although the panel limited detention under § 1225(b)(2)(A) "for ninety days but no longer without a bond hearing," eight days later, the Fifth Circuit granted rehearing *en banc* and vacated the panel opinion. *Id.* at 728; *Sosnava Rodriguez v. Ortega*, 181 F.4th 608, 609 (5th Cir. 2026) (per curiam). Because the panel opinion has been vacated, it is "of no precedential value." *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 468 (5th Cir. 2013).

4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026), where the Court held that detention under § 1225(b)(2)(A) does not violate (i) the Immigration and Nationality Act; (ii) substantive due process; (iii) procedural due process; (iv) the Fourteenth Amendment's Equal Protection Clause; (v) the Administrative Procedure Act; (vi) the Suspension Clause of Article I of the Constitution; or (vii) the *Accardi* Doctrine.

Because Petitioner exclusively asserts grounds for relief that the Court previously rejected in the above-cited decision, it plainly appears from the Petition that Petitioner is not entitled to the writ. Therefore, the Court "must dismiss the petition." *See* Rule 4, Rules Governing § 2254 Cases in the United States District Courts.

The Petition is DISMISSED WITH PREJUDICE. The Clerk shall deliver a copy of this Order to the United States Attorney for the Southern District of Texas by electronic mail at USATXS.CivilNotice@usdoj.gov to provide notice of this action to Respondents. The Clerk of Court is directed to CLOSE this case.

This is a FINAL JUDGMENT.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 29th of September, 2026.

Nicholas J. Ganjei
United States District Judge